UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUCO, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-2858 |
| | § | |
| AKER SOLUTIONS US, INC. and | § | |
| AKER SUBSEA, INC., | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Pending before the court are defendant Aker Solutions US, Inc.'s motion for summary judgment (Dkt. 15), and defendant Aker Subsea, Inc.'s motion for stay (Dkt. 33). Upon consideration of the motions, the responses, the replies, and the applicable law, the motions are both GRANTED. Plaintiff DUCO, Inc.'s claims against Aker Solutions US, Inc. are DISMISSED with prejudice. Furthermore, this action is STAYED and administratively CLOSED pending the final outcome of the reexamination of the patent at issue by the Patent Office.

### BACKGROUND

Plaintiff DUCO, Inc. is the exclusive licensee on U.S. Patent No. 6,472, 614 ("the Patent"), which is directed to a dynamic umbilical—a collection of tubes, fiber optic cables, electrical cables, and/or fluid-bearing conduits wound into a helix and used for the delivery of power and communications from the sea surface to subsea environments. Dkt. 33. The Patent specifically addresses issues encountered in tensile strength and flexibility of the umbilicals when introduced to deep water applications. *Id.*

Defendant Aker Solutions U.S., Inc. ("Kvaerner") is the predecessor of Kvaerner Americas, Inc. Dkt. 15. Kvaener provides engineering, procurement, and construction services to the oil and gas, refining, and petrochemical industries. *Id.* Kvaerner does not manufacture products of any kind. Kvaerner has never used, made, sold, imported, or encouraged any other entity to use, sell, or import umbilicals. *Id.* Aker Subsea Inc. ("Aker") is a legal entity, which is separate from Kvaerner but does business that could, plausibly involve umbilicals. Dkts. 15, 21.

DUCO alleges that Kvaerner and Aker have infringed on the Patent and has brought suit here for declaratory, equitable, and monetary relief. Dkt. 16. After DUCO filed suit, Aker filed a request with the Patent Office for inter partes re-examination of the Patent pursuant to 35 U.S.C. § 311. The Patent Office granted the request and issued an Office Action rejecting every claim of the Patent, finding that the claims were anticipated based on prior art. Dkt. 33. The Patent holder—Technip France—responded to the Examiner's findings. Dkt. 45. The Patent Office considered the response and recently issued an Action Closing Prosecution ("ACP"), effectively confirming that despite Technip France's arguments, the claims in the patent were rejected as anticipated by prior art. *Id.* Kvaerner nows moves the court for summary judgment, and Aker moves the court for a stay pursuant to 35 U.S.C. § 318.

**1.    Motion for Summary Judgment**

Defendant Kvaerner moves for summary judgment, arguing that it is not a proper party to the suit.

    **A.    Legal Standard**

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of

some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id*. "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting former FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The

3

court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### B.    Analysis

Kvaerner moves for summary judgment because it argues that is not the proper defendant in the case. It states that its business does not involve umbilicals of any kind, much less the allegedly infringing umbilicals that are the subject of this suit. DUCO admits that Aker's counsel contacted it and gave it the name of the proper defendant to this suit, Aker Subsea, Inc. However, DUCO states that because it does not understand the relationship between Aker Solutions US, Inc. and Aker Subsea, Inc., the court should deny the motion for summary judgment. DUCO proffers advertising brochures that state that an entity called "Aker Solutions" provides subsea umbilicals. Additionally, DUCO points to drawings of umbilicals made by an employee of "Aker Solutions." Therefore, DUCO reasons that Kvaerner may still be a proper defendant. In its reply, Kvaerner explains that the trademark "Aker Solutions" is not a legal entity, but rather a collection of separate legal entities. In fact, the marketing materials offered by DUCO never identify the legal entity Aker Solutions US,

Inc. or Kvaerner. They do, however, refer to the legal entity, Aker Subsea, Inc. The documentary evidence attached by the parties confirms this argument. Accordingly, there is no genuine issue of material fact regarding whether Kvaerner is a proper defendant in this suit. Therefore, Kvaerner's motion for summary judgment is GRANTED and it is DISMISSED as a defendant in this matter.

**2.     Motion to Stay**

Aker moves the court to stay this case pending the results of the Patent Office's reeaxamination of the Patent.

### A.     Legal Standard

"The decision to stay a patent case pending reexamination is entirely in the Court's discretion." *Tesco Corp. v. Weatherford Inter'l, Inc.*, 599 F. Supp. 2d 848, 850 (S.D. Tex. 2009) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). "In determining whether to grant a stay, courts consider several factors: (1) prejudice or tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question; and (3) whether discovery is complete and a trial date has been set." *Id.* [R]eexamination may result in the elimination of most of the issues remaining in the pending litigation." *Id.* (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed. Cir. 1983)).

### B.     Analysis

Aker urges the court to stay this litigation pending reexamination.

#### 1.     Prejudice

Aker argues that a stay will not prejudice DUCO for several reasons. First, the Patent Office has demonstrated in this case that it will move expeditiously, so the delay will not be prejudicial. Second, even if there is a delay, courts have not found that delay, by itself, does not equate to prejudice. And last, Aker contends that its actions—voluntarily identifying itself as the proper

5

defendant, and filing the request for reexamination immediately—demonstrate that it is not trying to gain a tactical advantage or avoid this litigation. DUCO counters that it will be extremely prejudiced by the stay. It argues that the Patent Office may well take longer than the 36 month average to complete the reexamination, giving Aker a further opportunity to infringe. Allowing Aker to continue infringing will damage DUCO's reputation in a small, competitive market beyond what monetary damages can remedy. And, DUCO contends that even if the Patent Office finds the Patent to be valid and Aker is estopped from asserting invalidity, *see* 35 U.S.C. § 313(c), Kvaerner may assert invalidity arguments.

DUCO will not be unduly prejudiced by a stay in this litigation. Since the Patent Office has already issued its Action Closing Prosecution, it is already fairly far down the road of the reexamination, suggesting that any stay would not be for an extended period of time. Additionally, if after the reexamination the Patent's validity is upheld by the Patent Office, the burden of proving the invalidity of the Patent becomes heavier for any other party. *Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955, 961 (Fed. Cir. 1986). So, even assuming that any other party had standing to bring a claim challenging the Patent, the challengers would likely not succeed. Finally, DUCO's assertion that Aker's allegedly infringing activities alone are sufficient to cause it harm not fully compensable by monetary damages is not supported by the case law. Although the Federal Circuit has "sometimes spoken of the possible inadequacy of money damages, there is no *presumption* that money damages will be inadequate." *Nutrition 21 v. United States*, 930 F.2d 867, 872 (Fed. Cir. 1991) (emphasis in original). Some evidence and reasoned analysis for that inadequacy should be proffered." *Id.* Therefore, any injuries DUCO might sustain from Aker's continued alleged infringing activity is fully compensable. Accordingly, DUCO will not be prejudiced by a stay.

6

### 2.     Simplification of Issues

Aker argues that the Patent Office's reexamination will considerably simplify this case, because the reexamination covers every claim to the only patent at issue in this case. Further, the Patent Office's two communications on the Patent suggest a likelihood that the Patent Office will reject all of the Patent's claims as anticipated by prior art, thereby mooting the present infringement action. DUCO responds that a stay would not simplify the issues for several reasons. First, DUCO argues that the Patent could very well make it through the rexamination process and then all the time the case was stayed will have been wasted. Additionally, DUCO states that invalidity is not the only issue in this case regarding the Patent and the Patent Office will not address any of those other arguments. DUCO also argues that because there are other potential defendants who are not parties to the reexamination, no determination by the Patent Office will have binding effect on all the possible parties.

But, a stay will simplify the issues in the case. This case is about one patent—the patent currently under review by the Patent Office. Even assuming that the Patent survives the reexamination intact—an unlikely assumption given both the Patent Office's communications to this point—the Patent Office's insight on the validity of the Patent would be of invaluable assistance to this Court. *See GPAC, Inc. v. D.W.W. Ents., Inc.*, 144 F.R.D. 60, 62–63 (D.N.J. 1992) ("Clearly then, there would be benefits to the District Court if this action were stayed so as to shift to the PTO the significant, and often times technical issue of patent claim validity."). Accordingly, this factor weighs heavily in favor of staying the case.

### 3.     Status of Case

In this case, the claim construction hearing is set for October 30, 2012, and the initial docket call is in January 2014. No dispositive motions have been filed, except Kvaerner's motion for

summary judgment. Aker argues that it is early in the litigation and thus a stay would be appropriate. DUCO counters that the litigation will proceed faster than the reexamination process and that a stay would, therefore, delay relief for an unacceptably long time. However, DUCO made this argument before the Patent Office issued its second communication. As the court has discussed above, the Patent Office is moving relatively quickly on this reexamination. Moreover, it makes sense to have the Patent Office's findings available to the parties before they conduct the bulk of their discovery in preparation for the claims construction hearing. Accordingly, the status of the litigation weighs in favor of a stay. Therefore, Aker's motion for stay is GRANTED.

## CONCLUSION

Pending before the court are defendant Kvarener's motion for summary judgment (Dkt. 15), and defendant Aker's Motion for Stay. Upon consideration of the motions, the responses, the replies, and the applicable law, the motions are both GRANTED. Plaintiff DUCO's claims against Kvaerner are DISMISSED with prejudice. Furthermore, this action is STAYED and administratively CLOSED pending the final outcome of the reexamination of the patent at issue by the Patent Office.

Signed at Houston, Texas on July 10, 2012.

_____
Gray H. Miller
United States District Judge